# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mohammed Abu Hanif, | No. CV-26-01732-PHX-SHD (ASB) |
| Petitioner, | **ORDER** |
| v. | |
| Eric Rokosky, et al., | |
| Respondents. | |

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention, arguing his detention unconstitutionally prolonged. (Doc. 1.) The Petition is fully briefed. After briefing was completed, Petitioner filed a notice indicating his request for asylum was granted. (Doc. 9). On June 25, 2026, Petitioner filed an Ex Parte Emergency Motion for Temporary Restraining Order (Doc. 11). In his motion, Petitioner alleges he was transferred overnight to a removal staging facility "without notice to counsel, without court authorization." (Doc. 11 at 5-6.) The Court ordered an emergency response to the motion and Petitioner filed a reply. Following review of Respondents' response and Petitioner's reply, the Court will deny Petitioner's motion.

Under Rule 65 of the Federal Rules of Civil Procedure, a party may seek injunctive relief if it believes it will suffer irreparable harm during the pendency of an action. "A plaintiff seeking [an injunction] must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the

public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)

In their response, Respondents acknowledge Petitioner was transferred from a detention facility in Arizona to one in Texas but deny that Petitioner will be removed. Indeed, Respondents further acknowledge Petitioner does not have a final order of removal because his immigration proceedings remain ongoing.  As a result, Petitioner cannot show a likelihood of success as to his claim that he is subject to imminent removal.

To the extent Petitioner also challenges his transfer to another detention facility, the Court similarly finds that he is not entitled to injunctive relief.  When the government moves a habeas petitioner after a petition naming the petitioner's immediate custodian is properly filed, the district court "retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004).

The Court agrees with Respondents that under these circumstances, Petitioner cannot satisfy one of the required showings to obtain a preliminary injunction, which is that the movant "is likely to suffer irreparable harm in the absence of preliminary relief." *Winter*, 555 U.S. at 20.  Because Petitioner bears the burden of "demonstrat[ing] that [he] meets all four" factors in order to obtain injunctive relief, *DISH Network Corp. v. F.C.C.*, 653 F.3d 771, 776-77 (9th Cir. 2011), and Petitioner fails to show he is likely to suffer irreparable injury, his motion for injunctive relief must be denied.

**IT IS THEREFORE ORDRERED** Petitioner's Motion for Temporary Restraining Order (Doc. 11) is **denied**.

Dated this 29th day of June, 2026.

_____
Honorable Sharad H. Desai
United States District Judge

- 2 -