# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Mohammed Abu Hanif,

        Petitioner,

v.

Eric Rokosky, et al.,

        Respondents.

No. CV-26-01732-PHX-SHD (ASB)

**ORDER**

On July 28, 2026, the Court granted Petitioner's habeas corpus petition under 28 U.S.C. § 2241 and ordered that, within seven days, a bond redetermination be held that complied with the procedural requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011). (Doc. 17 at 14.)  Following a bond hearing, Petitioner filed an Emergency Motion to Enforce Judgment, arguing that Respondents did not comply with the Court's Order in that he was not provided the requisite notice and the Immigration Judge ("IJ") failed to apply the correct legal standard and to place the burden of proof on Respondents.  (Doc. 19.)  The motion is fully briefed.  (Docs. 21, 23.)  Respondents also provided a non-electronic recording of the bond hearing.  (Doc. 22.)  The Court will grant the Motion to Enforce and direct Petitioner's immediate release from custody.

As to Petitioner's first challenge, Respondents "acknowledge that the notice of the [bond] hearing was insufficient under the Court's order." (Doc. 21 at 3.)  Nonetheless, Respondents go on to state, "[i]f the Court is inclined to grant relief based on the notice issue, Respondents respectfully suggest that the appropriate remedy is simply a new bond

hearing." (*Id.*)

Petitioner's second challenge is that the IJ failed to employ the standard directed by the Court—that the Government bear the burden of establishing by clear and convincing evidence that Petitioner is a flight risk or danger to the community. "When a district court issues a conditional habeas writ, it retains jurisdiction to determine compliance." *Rose v. Guyer*, 961 F.3d 1238, 1246 (9th Cir. 2020); *see, e.g., Loba L.M. v. Andrews*, 2026 WL 710307, at *5 (E.D. Cal. Mar. 13, 2026) (citing *Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011)). This includes the authority to review the IJ's decision for an abuse of discretion and to evaluate whether the standard imposed by the Court's prior order was properly applied at the bond hearing. *Kumar v. Noem*, 2026 WL 983129, at *2 (E.D. Cal. Apr. 13, 2026) ("[T]he Court's analysis [on a motion to enforce judgment] is grounded in the legal standard for reviewing IJ detention determinations."); *see Martinez v. Clark*, 124 F.4th 775, 784–85 (9th Cir. 2024) (holding that district courts have habeas jurisdiction to review whether an IJ "erred by applying the wrong burden of proof"). Abuse of discretion review does not involve "reweigh[ing] evidence" but instead determining whether the IJ "applied the correct legal standard." *See Martinez*, 124 F.4th at 785 (citation omitted).

8 U.S.C. § 1226(e) does not bar courts from concluding that "[t]he evidence before the IJ failed, as a matter of law, to prove flight risk or danger." *Judulang v. Chertoff*, 562 F. Supp. 2d 1119, 1127 (S.D. Cal. 2008); *see also Sales v. Johnson*, 323 F. Supp. 3d 1131, 1141 (N.D. Cal. 2017). In reviewing the sufficiency of the evidence within the confines of § 1226(e), therefore, the question is not "whether this Court believes that the proof establishes, by clear and convincing evidence, that [the petitioner] is a danger to the community" or a flight risk. *Nguti v. Sessions*, 2017 WL 5891328, at *3 (W.D.N.Y. Nov. 29, 2017). Rather, the Court must decide whether the IJ "relied upon proof that—as a matter of law—could not establish" that conclusion. *Id.*; *see also Judulang*, 562 F. Supp. 2d at 1127.

Petitioner's bond hearing before the IJ was defective in multiple respects, each of

which justifies a finding that it did not comport with the July 28, 2026 Order. First, at the outset of the hearing, the IJ made clear his position that this Court's July 28 Order was not binding on him and that he believed Petitioner was subject to mandatory detention under *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). The IJ's statements throughout the hearing undermine the rest of his "alternative determination."

Second, the IJ's flight risk determination is itself defective. DHS first examined Petitioner, as the July 28 Order required, and DHS's questions established that Petitioner's brother is a United States citizen; his father is a Lawful Permanent Resident; and he has extended family with lawful status, a fixed address, and a sponsor. The IJ then proceeded to question Petitioner, and the information elicited formed the basis for the written decision denying bond.

The Court has listened to the bond redetermination hearing and has little difficulty concluding the IJ's findings fall far short of supporting the conclusion that the Government established by clear and convincing evidence that Petitioner is a flight risk. The IJ cited (1) Petitioner's entry into the United States; (2) the fact that Petitioner lived in Bangladesh for approximately 17 years prior to his 2024 entry into the United States; (3) the lack of immediate family (spouse or children) in the United States; (4) the absence of employment or property; and (5) the non-finality of his grant of asylum.

There are at least two problems with these findings. First, they were established unilaterally by the IJ and were not elicited by DHS. Respondents argue this is permissible "additional fact finding" under 8 U.S.C. § 1229a(b)(1). (Doc. 21 at 4.) But Section 1229a(b)(1) governs merits removal hearings, not the custody redetermination proceeding at issue here.[1] Respondents cite no analogous authority that allows the IJ to take on a similar role in bond redetermination hearings.

The second problem is the IJ did not apply the correct standard and his findings are deficient as a matter of law. The IJ's fixation on Petitioner's unlawful entry into the United States is evident. And it is entirely unclear to this Court how Petitioner's

---

[1]    Indeed, the IJ—in explaining why he did not believe the Court's order was binding on him—expressly distinguished the bond hearing from a removal hearing.

unlawful entry—which he has in common with most individuals in removal proceedings—bears on whether he is a flight risk after twice being granted asylum. To the extent that the IJ also found Petitioner's answers "evasive," it is clear that Petitioner had difficulty comprehending the IJ's questions using an interpreter. The IJ's reliance on "mechanistic factors" is insufficient to meet the Government's burden to establish by clear and convincing evidence that Petitioner is a flight risk. *See Perez Velasquez v. Bondi*, 2026 WL 1042479, at *6 (S.D. Cal. Apr. 16, 2026) ("The IJ's failure to consider or apply any of the *Guerra* factors and decision to instead rely on three pieces of evidence that 'bear little if any relevance' to Petitioner's risk of flight . . . while seemingly ignoring all evidence in Petitioner's favor constitutes a misapplication of the legal standard to the facts." (internal citation omitted)).

Under the circumstances, the Court finds no basis for Petitioner's continued detention and concludes immediate release with reasonable conditions of supervision is the appropriate remedy. *See W.T.M. v. Bondi*, 2026 WL 262583, at *5 (W.D. Wash. Jan. 30, 2026); *Garcia v. Hyde*, 817 F. Supp. 3d 112, 131 (D.R.I. 2025) (ordering habeas petitioner's immediate release from custody "[g]iven the due process violations that pervaded his bond hearing[.]"); *Miri v. Bondi*, 2026 WL 622302, at *12 (C.D. Cal. Mar. 5, 2026) (ordering habeas petitioner's immediate release after finding immigration judge abused discretion in denying petitioner's request for bond at the bond determination hearing).

**IT IS THEREFORE ORDERED** that Petitioner's Emergency Motion to Enforce Judgment (Doc. 19) is **granted**. Respondents must immediately release Petitioner from custody under reasonable conditions of supervision and file a Notice of Compliance within two business days.

Dated this 11th day of August, 2026.

Honorable Sharad H. Desai
United States District Judge

- 4 -